IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MAGALY RIVERA-QUINTANA

Plaintiff

v.

COMMISSIONER OF SOCIAL SECURITY

Defendants

Civil No. 06-1791 (SEC)

**OPINION AND ORDER**

Pending before this Court is Plaintiff Magaly Rivera-Quintana's ("Plaintiff") motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), Defendant Commissioner of Social Security's ("Commissioner") opposition thereto (Docket # 11), and Plaintiff's reply (Docket # 12). Upon reviewing the filings, and the applicable law, Plaintiff's motion is **GRANTED in part and DENIED in part**.

**Factual and Procedural Background**

On August 15, 2006, Plaintiff filed a social security complaint under 42 U.S.C. 404 (g), alleging that the Commissioner erred in denying her request for disability benefits. Docket # 1. On October 13, 2006, the Commissioner filed its answer to the complaint, and shortly thereafter, moved to remand the case "to an Administrative Law Judge (ALJ) for further proceedings...," under sentence four of 42 U.S.C. §405(g).[1] The Commissioner further informed that on remand, the ALJ would be instructed to "1) further evaluate whether Plaintiff's condition met or medically equaled Listing Section 3.03B; 2) evaluate the medical opinions in the record and

---

[1] Sentence four of 42 U.S.C. §405(g) grants the courts the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the [Commissioner], with or without remanding the cause for rehearing." See Shalala v. Schaefer, 509 U.S. 292, 296 (1993).

state what weight each opinion is entitled and 3) re-evaluate Plaintiff's residual functional capacity." Docket # 7. Since Plaintiff did not oppose, this Court granted the Commissioner's request, and Judgment of dismissal was entered on December 27, 2006. Docket # 9.

On March 23, 2007, Plaintiff moved for attorney's fees under Section 204 of the Equal Access to Justice Act ("AEJA"), 28 U.S.C. § 2412. According to Plaintiff, since the present case was remanded pursuant to sentence four of 42 U.S.C. §405(g), she is a "prevailing party" under Section 204, and Shalala v. Schaefer, 509 U.S. 292, 296 (1993). She further provided an itemized statement stating the actual time expended and the rate at which fees were computed by her attorney. Docket # 10-2. The Commissioner objects to the computation of attorney's fees alleging they are unreasonable and excessive. Docket # 11.

**Standard of Review**

The EAJA "is a fee-shifting statute that creates a right to attorney's fees in appropriate civil actions against the United States...[i]t's purpose is to ensure that individuals are not deterred from seeking review of unjustified governmental action." Perkins v. Astrue, 568 F. Supp. 2d 102, 103 (D. Mass. 2008). Under Section 204 of the EAJA, "...a court may award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412 (b). It further provides, in relevant part, that "...a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award

**CIVIL NO. 06-1791 (SEC)**                                                                                           Page 3

unjust." Trinidad v. Secretary of HHS, 935 F.2d 13, 15 (1st Cir. 1991) (citing 28 U.S.C. § 2412(d)(1)(A)).

Once a claimant achieves "prevailing party" status, "the government can defeat a fee award only by demonstrating that its position was 'substantially justified' or that 'special circumstances' make an award unjust." Trinidad, 935 F.2d at 15 (citations omitted). "If the government can make neither showing, an award of fees to a prevailing party is 'mandatory.'" Id. (citations omitted).

The claimant must submit a fee application to the court "within thirty days of final judgment in the action,"[2] accompanied by an itemized statement documenting the time expended and the rate at which fees are computed.[3] 28 U.S.C. § 2412 (d)(1)(B). Subsection (d)(1)(B) further provides that "[t]he court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."

**Applicable Law and Analysis**

The Commissioner does not contest the timeliness of Plaintiff's application, nor contend either that its position was substantially justified or that an award would be unjust because of special circumstances. Instead he posits that the charges are excessive, and should be reduced accordingly. Docket # 11. According to the Commissioner, Plaintiff's counsel's arguments played no role in the decision to remand the case. Docket # 11, p. 3. Specifically, he contends

---

[2] A sentence four remand is treated as a final judgment for purposes of filing attorney fee applications under EAJA. Santiago-Aybar v. Comm'r of Soc. Sec., 545 F. Supp. 2d 231, 234 (D.P.R. 2008).

[3] The claimant shall also "allege that the position of the United States was not substantially justified," and Plaintiff here acted accordingly.

**CIVIL NO. 06-1791 (SEC)** Page 4

that at the time the request for remand was filed, Plaintiff's counsel had not set forth any arguments regarding the ALJ's decision's alleged lack of substantial evidence. Id. at 4. The Commissioner also avers that certain tasks by Plaintiff's counsel are unnecessary and unjustified, and thus should be disallowed by this Court. In her reply, Plaintiff asserts that the requested attorney's fees are reasonable and properly correlate to the time expended in the preparation and litigation of the case.

As previously stated, Section 204 allows for "reasonable" attorney's fees. On this front, the EAJA further provides that "...attorney fees shall not be awarded in excess of $ 125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee..." 28 U.S.C. § 2414 (d)(2)(A)(ii). In the instant case, Plaintiff's request for attorney's fees is calculated at the rate of $ 125.00 per hour,[4] reflecting the above-mentioned statutory maximum.

The First Circuit has held that "[w]hen fee-shifting is in prospect, 'district judges have great discretion in deciding what claimed legal services should be compensated.'" United States v. One Star Class Sloop Sailboat, 546 F.3d 26, 37 (1st Cir. Mass. 2008) (citing Brewster v. Dukakis, 3 F.3d 488, 492 (1st Cir. 1993). Similarly, when dealing with a fee-shifting statute, "courts typically ascertain reasonable attorneys' fees by means of the lodestar method.'" United States v. One Star Class Sloop Sailboat, 546 F.3d 26, 38 (1st Cir. Mass. 2008) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). This entails "multiplying the number of hours productively spent by a reasonable hourly rate." Id. (citing Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008). After determining the time reasonably

---

[4] Plaintiff does not add the cost of living increases since the 1996 amendment rate. Thus the maximum hourly rate could be higher under certain circumstances.

**CIVIL NO. 06-1791 (SEC)**                                                                 Page 5

expended by the prevailing party's counsel, the court must focus on the rates to be applied to those hours. O'Neill-Cancel, 524 F.3d at 336-337.

Reasonable hourly rates "vary depending on the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria." One Star Class, 546 F.3d at 38. Thus "the prevailing market rates in the relevant community," are an adequate starting point. Id. at 40. On this front, "the rate that private counsel actually charges for her services, while not conclusive, is a reliable indicium of market value." Id. at 40. Therefore, court may use "counsel's standard rate, or the prevailing market rate in the forum, or a reasonable rate in between." Id. at 41.

After "the basic lodestar is calculated, the court may adjust it, up or down, to reflect other considerations, such as the results obtained," Id. at 38. (citing Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 337, n. 3 (1st Cir. 1997), and "the time and labor actually required for the efficacious handling of the matter." O'Neill-Cancel, 524 F.3d at 336.  The court may also adjust the award considering: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney(s) due to acceptance of the case; (5) the customary fee; (6) the nature of the fee (fixed or contingent); (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the size of awards in similar cases. Guillemard-Ginorio v. Contreras, 603 F. Supp. 2d 301, 310 (D.P.R. 2009) (citations omitted).

Furthermore, in analyzing the "number of hours productively spent, the court should 'eliminate time that was unreasonably, unnecessarily, or inefficiently devoted to the case' and may, under appropriate circumstances, 'disallow time spent in litigating failed claims.'" One

**CIVIL NO. 06-1791 (SEC)**                                                                                                    Page 6

Star Class, 546 F.3d at 38 (citations omitted); see also Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008). Also, when a prevailing party achieves "only limited success, the trial court may reduce the fee request to an amount that reasonably reflects that circumstance." Id. at 39. Accordingly, a party may be entitled to recover fees for time productively spent, but not time invested in issues that are litigated profligately, unnecessarily, or without benefit to the prevailing party. Id. Notwithstanding, courts may also reduce a prevailing party's requested fees even if the party has succeeded on all or substantially all of his claims, by eliminating specific hours or reduce the overall fee to account for the prevailing party's limited success. One Star Class, 546 F.3d at 39-40 (citing Hensley, 461 U.S. at 436-37); O'Neill-Cancel, 524 F.3d at 336. Furthermore, "[t]here is no rigid prescription that must be followed in effecting such a reduction. Id. at 40.

In order to receive the proper award of attorney fees, a prevailing party must submit with its motion evidence to support the number of hours and rates sought, including specific information about number of hours, dates, and the nature of the work performed, and show that the rates being sought are comparable to those in the community. Guillemard-Ginorio, 603 F. Supp. 2d at 317 (citing Hensley, 461 U.S. 424, 433 (1983)). The Supreme Court has held that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly."

Considering the foregoing, in determining whether the requested attorney's fees are reasonable, this Court must employ the lodestar method. In so doing, we first note that hourly rates depend on those prevailing in the community by lawyers with comparable skill, experience and reputation, as well as whether the time was invested in-court or out-of-court. Guillemard-Ginorio, 603 F. Supp. 2d at 311-312 (citing Ciudadana v. Gracia-Morales, 359 F. Supp.2d 38, 45 (D.P.R. 2005) (finding rates of $ 200.00 an hour for out-of- court work and $

**CIVIL NO. 06-1791 (SEC)**                                                                                                       Page 7

225.00 an hour in-court work justified); International College of Business and Technology, Inc., 356 F. Supp.2d 92, 96-97 (D.P.R. 2005) (finding rate of $ 190 and $ 125 to be appropriate); Top Entertainment Corp. v. Torrejon, 349 F. Supp.2d 248, 253-255 (D.P.R. 2004) (finding hourly rate of $ 125.00 reasonable); Anywhere, Inc. v. Romero, 344 F. Supp.2d 345, 348 (D.P.R. 2004) (finding that an hourly rate of $ 250.00 for the more experienced attorney and of $ 150.00 for the less experienced attorneys reasonable); Vieques Conservation and Historical Trust, Inc. v. Martinez, 313 F.Supp.2d 40, 47 (D.P.R. 2004) (reducing attorney's hourly rate to $ 225 to equate with local rates); Rodriguez-Sostre v. Municipio de Canovanas, 251 F. Supp.2d 1055, 1058 (D.P.R. 2003) (awarding $ 225.00 to $ 250.00 for in-court time and $ 200.00 for out-of-court time)). In its motion for attorney's fees, Plaintiff's counsel provides the hours, dates, and the nature of the work performed. He further notes that the EAJA provides a maximum $125.00 hourly rate.  In light of the foregoing, and the above-cited case law, this Court finds that the $125 hourly fee is reasonable.

Upon reviewing the record, this Court notes that present counsel's only court submission was the complaint, which is "boilerplate" in this type of case. See Trinidad, 935 F.2d at 18. As in Trinidad, the remaining time was expended on ministerial tasks, since counsel's work prior to the remand order entailed little if any substantive analysis, and there were no court appearances. Moreover, albeit Plaintiff is a "prevailing party" because of remand under sentence four of 42 U.S.C. §405(g), the case was remanded solely based on the Commissioner's request, not Plaintiff's counsel's efforts aside from filing the appeal. Therefore, the time and labor actually required for the efficacious handling of the matter was minimum. However, this Court also notes that Plaintiff only requests for attorney's fees for 13 hours of rendered services, which is not excessive or unreasonable in this type of case.

Based on the foregoing, this Court will reduce the fees awarded for the following item:

**CIVIL NO. 06-1791 (SEC)**                                                                 **Page 8**

| 8/22/2006 | Study & Analysis of the prior decisions on the present case of the Commissioner and of all documents, reports and other medical evidence brought to the office so as to determine which areas needed clarification. | 2.00 x $125.00 = $250.00 | Reduced to 1.00 x $125.00 = $125.00 |

Specifically, we find that the amount of time invested in examining the Commissioner's prior decision, and accompanying documents is unreasonable, especially compared to Plaintiff's counsel itemization of five hours for the study and analysis of the 400-page transcript. However, the rest of Plaintiff's counsel's services are reasonably calculated. As a result, Plaintiff's counsel is awarded $1,603.00 in attorney's fees.

**Conclusion**

Based on the foregoing, Plaintiff's motion for attorney's fees is **GRANTED in part and DENIED in part**, and Plaintiff's counsel is awarded $1,603.00 in attorney's fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of March, 2010.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge